UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD O. VILLELLA, COURTNEY S.　　:
TARPLEY, JEFF ROSSI, MELISSA　　　　　:
GILLMER, MICHAEL I. OLSHAKOSKI, and　:
ROSEMARIE OLSHAKOSKI,　　　　　　　:
　　　　　　　　　　　　Plaintiffs,　　:
v.　　　　　　　　　　　　　　　　　　:　　**OPINION AND ORDER**
　　　　　　　　　　　　　　　　　　　:
DOUGLAS W. LOGAN; HOMELAND　　　　:　　20 CV 9905 (VB)
TOWERS, LLC; NEW CINGULAR　　　　　:
WIRELESS PCD LLC d/b/a AT&T; and NEW　:
YORK SMSA LIMITED PARTNERSHIP　　　:
d/b/a VERIZON WIRELESS,　　　　　　　:
　　　　　　　　　　　　Defendants.　　:
------------------------------------------------------------x

Briccetti, J.:

　　　　Plaintiffs commenced this action in New York State Supreme Court, Putnam County (the

"State Court"), against defendants Douglas W. Logan ("Logan"), Homeland Towers, LLC

("Homeland"), New Cingular Wireless PCD LLC ("AT&T"), and New York SMSA Limited

Partnership ("Verizon"), seeking a declaratory judgment and permanent injunctions, and

bringing claims for trespass, nuisance, and nuisance per se.  Defendants removed the case to this

Court.[1]

　　　　Now pending is plaintiffs' motion to remand this case to the State Court.  (Docs. ##18,

19, 20).

　　　　For the reasons set forth below, the motion is GRANTED.

---

[1]　　　The case was initially filed as two separate actions that were consolidated in the State
Court prior to removal.

**BACKGROUND**

In considering a motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in the moving party's favor.  See Fed. Ins. Co. v. Tyco Int'l Ltd., 22 F. Supp. 2d 357, 391 (S.D.N.Y. 2006).  The Court may also consider materials outside of the complaint, "such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Romero v. DHL Express (U.S.A), Inc., 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016).

Plaintiffs each own property abutting a private road in Nelsonville, New York, called Rockledge Road.  According to plaintiffs, Rockledge Road is composed of parcels of several adjacent properties, including plaintiffs', that provide those adjacent properties with access to a public street.

Plaintiffs allege Logan previously owned a plot of land at 15 Rockledge Road, referred to as the "Landlocked Parcel," which he then sold to Verizon, AT&T, and Homeland (together, the "Wireless Defendants").  (Doc. #19-2 ("Compl.") at ¶¶ 2–4).  Plaintiffs claim Logan's predecessor in interest was deeded a right-of-way in common with others over Rockledge Road, not an easement.  (Id. ¶ 11–12).  Accordingly, plaintiffs claim Logan only deeded to the Wireless Defendants a right-of-way, rather than an easement, over plaintiffs' properties.

In the background of this suit is a long history of litigation related to the Wireless Defendants' planned construction of a wireless telecommunications services tower (the "Facility") in the Village of Nelsonville.  In short, after being denied a building permit for the Facility in 2018, the Wireless Defendants filed two actions against Nelsonville in this Court (the "Prior Actions") alleging violations of the Telecommunications Act of 1996 ("TCA").  The Prior Actions eventually terminated in a stipulation of settlement and consent order (the "Consent

Order").  Pursuant to the Consent Order, the Village of Nelsonville agreed to grant the Wireless

Defendants a building permit necessary to construct the proposed Facility at 15 Rockledge Road,

on the Landlocked Parcel.  (See generally Doc. #19-1 ("Consent Order")).  The Consent Order

included the Wireless Defendants' building permit applications.

To facilitate construction, the Wireless Defendants proposed making certain

improvements to Rockledge Road, including felling trees alongside the road, widening the road,

and digging a trench to run utilities alongside the road.  However, the Consent Order stated that

"the Village makes no representation whatsoever whether the ability or authority to construct or

maintain the proposed improvements in [the proposed building permit applications] are within

the rights [the Wireless Defendants] claim under the 'Existing Rockledge Road Access

Easement.'"  (Consent Order ¶ 8.)

The Village approved the Consent Order on January 29, 2020.  And, after the Wireless

Defendants made several revisions to their permit application, the Village approved and issued to

the Wireless Defendants a building permit on June 15, 2020.  This permit included the proposed

modifications to Rockledge Road.  (Compl. ¶¶ 51, 61)

Plaintiffs commenced this action in the State Court on October 27, 2020.  In their

complaint, plaintiffs allege the Wireless Defendants and Logan misrepresented to the Village

their rights to the Rockledge Road rights-of-way.  Plaintiffs claim Logan transferred to the

Wireless Defendants only the rights of ingress and egress and could not have transferred the right

to make any of the proposed modifications to Rockledge Road.  According to plaintiffs, these

proposed modifications require construction activities, such as excavation, destruction of a stone

wall, and tree removal on plaintiffs' property.

Plaintiffs seek a declaratory judgment pursuant to N.Y. C.P.L.R. § 3001.  Specifically, they seek a declaration that "the right-of-way in common ownership with others . . . grants the right of way to ingress and egress access to" the nearest public road.  (Compl. ¶ 87).  They also seek declarations that defendants cannot "unilaterally expand the scope of [the] right-of-way . . . to include unlawful construction and alteration of [plaintiffs'] property," and that defendants "do not and did not have a property interest in [plaintiffs' property] other than that of ingress and egress."  (Compl. ¶¶ 88–89).

In addition to a declaratory judgment, plaintiffs seek a permanent injunction preventing defendants from "carrying out the unlawful modifications" to Rockledge Road as proposed in the approved building permit.  They also seek to enjoin defendants' use of Rockledge Road for "anything other than ingress and egress."  (Compl. ¶¶ 103–104).  In addition, Plaintiffs seek an injunction preventing the Wireless Defendants from "relying upon an incomplete and fraudulent" building permit application that misrepresents defendants' rights to Rockledge Road.  (Id. ¶ 110).

Moreover, plaintiffs bring state-law claims for trespass, nuisance, and nuisance per se stemming from defendants' alleged surveying and soil sampling activities on Rockledge Road.

After commencing this action, plaintiffs sought a temporary restraining order ("TRO") and preliminary injunction enjoining defendants from excavating or constructing on Rockledge Road during the pendency of the case.  (Doc. #19-3).  The State Court granted plaintiffs' request for a temporary restraining order on October 30, 2020, and scheduled a hearing on plaintiffs' motion for a preliminary injunction for January 8, 2021.

Defendants removed the case to this Court on November 24, 2020, and thereafter moved in this Court to dissolve the State Court's TRO.  (Doc. #7).  However, the Court denied defendants' request by Order dated December 15, 2020, and held the State Court's TRO "shall

4

remain in effect pending further order of this Court, and pending disposition of plaintiffs' anticipated motion to remand."  (Doc. #15).

Plaintiffs now move to remand this case to the State Court.

## DISCUSSION

I.      The "Well-Pleaded Complaint" Rule

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A district court has original jurisdiction over removed cases "arising under" federal law for purposes of 28 U.S.C. § 1331 "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law."  New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).[2]

"Under the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 145 (2d Cir. 2017). "[W]hether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Taylor v. Anderson, 234 U.S. 74, 75–76 (1914)).  "[T]he existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  Id.

---

[2]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Moreover, the rules regarding removal are to be strictly construed.  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002).  "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  Any doubts should be resolved against removability.  See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).  Thus, the party seeking removal and asserting federal jurisdiction bears the burden of establishing the federal court has original jurisdiction.  McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d at 145.

II.    The "Artful Pleading" Rule

The complaint does not establish that this case arises under federal law.  Plaintiffs' statements of their own claims do not necessarily appear to arise under the U.S. Constitution, or any law or treaty of the United States.  Accordingly, original jurisdiction is not established under the well-pleaded complaint rule.

However, defendants argue that under the so-called "artful pleading" rule, plaintiffs cannot avoid removal by declining to plead necessary federal questions implicated by this case.

The Court disagrees.

The "artful pleading" rule is "a corollary to the well-pleaded complaint rule . . . pursuant to which [a] plaintiff cannot avoid removal by declining to plead 'necessary federal questions.'" Romano v. Kazacos, 609 F.3d 512, 518–19 (2d Cir. 2010).

The rule applies when Congress has either "(1) so completely preempted, or entirely substituted, a federal law cause of action for a state one that plaintiff cannot avoid removal by declining to plead necessary federal questions, or (2) expressly provided for the removal of particular actions asserting state law claims in state court."  Romano v. Kazacos, 609 F.3d at

6

519.  And, in extremely rare cases, (3) "if the vindication of a state law right necessarily turns on a question of federal law."  Fracasse v. People's United Bank, 747 F.3d 141, 144 (2d Cir. 2014).

The vindication of a state law right will necessarily turn on a question of federal law only if a federal issue is "[i] necessarily raised, [ii] actually disputed, [iii] substantial, and [iv] capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013).  With respect to the first element, "a federal issue is necessarily raised when the very success of the state claim depends on giving effect to a federal requirement and the federal issue is an essential element of the state law claim."  Tantaros v. Fox News Channel, LLC, 427 F. Supp. 3d 488, 494 (S.D.N.Y. 2019).  This description "typically fits cases . . . in which a state-law cause of action is brought to enforce a duty created by [federal law] because the claim's very success depends on giving effect to a federal requirement." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562, 1570 (2016). However, "the first element of this test 'is not present where all of the plaintiff's claims seek relief under state law and none necessarily raises a federal issue."  New York ex rel. Jacobsen v. Wells Fargo Nat'l Bank, N.A., 824 F.3d 308, 315–16 (2d Cir. 2016).

This case does not fit into any of the three situations in which the artful pleading rule applies.

First, the TCA does not preempt causes of action seeking to vindicate state-law property rights.  See, e.g., City of Rome, N.Y. v. Verizon Commc'ns, Inc., 362 F.3d 168, 178–80 (2d Cir. 2004) (TCA "clearly envision[s] state and local regulation and rights-of-way management"); Chambers v. Old Stone Hill Rd. Assoc., 1 N.Y.3d 424, 433, 435 (2004) (TCA did not preempt enforcement of restrictive covenants over land on which defendants sought to build cell tower).

Second, Congress has not expressly provided for the removal of causes of action implicating the state-law property rights at issue in this case.

And third, the vindication of plaintiffs' state-law property claims does not necessarily turn on a question of federal law because plaintiffs' claims do not necessarily raise any federal issues.  Each of plaintiffs' claims address property rights related to Rockledge Road.  In particular, plaintiffs seek to preclude defendants from modifying the road or using it for purposes other than ingress and egress.  Plaintiffs' claims turn on whether the title transferred to the Wireless Defendants conferred the right to modify Rockledge Road.  Vindication of plaintiffs' property rights depends solely on issues of state law, and no federal issue or requirement is a necessary element of any claim plaintiffs assert.  See New York ex rel. Jacobsen v. Wells Fargo Nat'l Bank, N.A., 824 F.3d at 315–16.

Defendants' arguments to the contrary are unpersuasive.  That plaintiffs seek to prevent defendants from modifying Rockledge Road, and that the proposed modifications were included in a building permit required by the Consent Order, does not raise an issue of federal law.  Even though the building permit provided for in the Consent Order is at issue in this case, the State Court is perfectly capable of deciding the contours of defendants' rights to Rockledge Road without either invalidating the Consent Order or frustrating its purpose.  Indeed, the Consent Order specifically did not address whether "the proposed improvements" to Rockledge Road were "within the rights" of the Wireless Defendants "under the Existing Rockledge Road Access Easement."  (Consent Order ¶ 8).  Accordingly, the Consent Order did not require the proposed modifications to Rockledge Road at issue in this action.  And determining plaintiffs' state law property rights does not depend on giving effect to any federal requirement or render any federal

issue an essential element of plaintiffs' state law claims.  See <u>Tantaros v. Fox News Channel, LLC</u>, 427 F. Supp. 3d at 494.

Plaintiffs' allegations and claims are merely related to the Consent Order.  That the Consent Order was the product of a suit that arose under federal law does not mean plaintiffs' claims necessarily raise a question of federal law.  They do not.

Accordingly, the artful pleading rule does not operate to provide this Court with subject matter jurisdiction over plaintiffs' state-law property claims.

III.    <u>All Writs Act</u>

Defendants also claim removal was proper under the All Writs Act, 28 U.S.C. § 1651, because exercising federal jurisdiction is necessary to prevent plaintiffs from bringing a collateral attack on the Consent Order.

Defendants are incorrect.

The Supreme Court has explicitly disavowed using the All Writs Act as a basis for federal jurisdiction in removed actions.  See <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. at 34. Specifically, "[t]he All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for [the] requirement" that "a federal court have original jurisdiction over an action in order for it to be removed from a state court."  <u>Id</u>.  As a result, "[t]hat a case might be regarded as an improper attack on a prior federal judgment does not provide grounds for removal."  <u>Metheny v. Becker</u>, 352 F.3d 458, 460 (1st Cir. 2003) (removal of state court suit by residents challenging permitting of wireless telecommunications tower was improper for lack of subject matter jurisdiction).

Because the Court has determined there is no independent subject matter jurisdiction over this action—under either the well-pleaded complaint or artful pleading rules—the All Writs Act does not render this action removable.

Defendants' arguments to the contrary are again unpersuasive.  As an initial matter, the two cases they cite for support were decided prior to the Supreme Court's 2002 decision in Syngenta Crop Prot., Inc. v. Henson.  And, in any event, those cases are distinguishable.  In Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855 (2d Cir. 1988), the Second Circuit affirmed the district court's order requiring the City of Yonkers to remove an Article 78 proceeding to federal court when the aim of that proceeding was to prevent city officials from complying with a federal consent decree aimed at building public housing in Yonkers.  Id. at 858.  Accordingly, ordering the City to remove the action under the All Writs Act was "just the sort of extraordinary circumstance envisioned by the All Writs Act."  Id. at 864.  And the plaintiffs in Lucas v. Planning Bd. of Town of LaGrange, 7 F. Supp. 2d 310 (S.D.N.Y. 1998), asserted a host of federal law claims in the form of federal constitutional challenges that served as independent bases for federal jurisdiction.  Id. at 318.

Defendants also argue that if this case is remanded, they may be subject to conflicting orders in this action and another action currently pending before the Court, Eisenbach v. Village of Nelsonville, 20 CV 8566.  But the Eisenbach action directly challenges the propriety of the Consent Order under a number of state and federal laws.  (See 20 CV 8566, Doc. #29).  In contrast, the plaintiffs in the instant action seek only to clarify and vindicate property rights that were specifically excepted from the Consent Order's scope.  Conflicting orders are unlikely to result.

And although the existence of conflicting orders might be a defense to plaintiffs' claims before the State Court, the existence of a federal defense does not ordinarily provide grounds for removal.  See Aetna Health, Inc. v. Davila, 542 U.S. at 207; Gondolfo v. Town of Carmel, 2021 WL 431148, at *5 (S.D.N.Y. Feb. 8, 2021) ("Congress has not authorized removal based on a defense or anticipated defense federal in character.").

Accordingly, the All Writs Act does not provide grounds for removal, and the Court lacks subject matter jurisdiction over plaintiffs' claims.

IV.    Costs and Expenses

In an exercise of its discretion, the Court declines to award plaintiffs costs and expenses incurred as a result of the removal.  See 28 U.S.C. § 1447(c) (remand order "may" include award of costs and expenses).  Given the intersection of federal and state law issues involved in this drawn-out dispute, the Court cannot conclude defendants lacked an objectively unreasonable basis for seeking removal, see Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005), or that defendants acted in bad faith, see Frontier Ins. Co. v. MTN Owner Tr., 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000).  Moreover, given that the TRO issued by the State Court on October 30, 2020, remains in effect, plaintiffs have not been prejudiced by the removal.

**CONCLUSION**

The motion to remand is GRANTED.

The Clerk is instructed to terminate the motion (Docs. ##18, 19, 20) and remand this case

to New York State Supreme Court, Putnam County.

Dated:  September 7, 2021
        White Plains, NY

                           SO ORDERED:

                           Vincent L. Briccetti
                           United States District Judge